1 | MICHAEL FEUER, City Attorney (SBN: 111529)
2 | THOMAS H. PETERS, Chief Assistant City Attorney (SBN: 163388)
| **A. PATRICIA URSEA**, Deputy City Attorney (SBN: 221637)
3 | 200 N. Main Street, City Hall East, Room 675
4 | Los Angeles, CA 90012
| Telephone (213) 978-7569
5 | Facsimile (213) 978-7011
6 | Patricia.Ursea@lacity.org

7 | Attorneys for Defendant[1]
8 | CITY OF LOS ANGELES

9
## UNITED STATES DISTRICT COURT
10
11 ## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION
12

13 | YOUTH JUSTICE COALITION, a non-profit organization; PETER ARELLANO and JOSE REZA, individuals, for themselves and on behalf of a class of similarly-situated individuals,

Case No.: 2:16-cv-07932-VBF-RAO

[Honorable Valerie B. Fairbank]

Complaint Filed: October 26, 2016

Plaintiffs,

vs.

**ANSWER TO PLAINTIFFS'
COMPLAINT FOR
DECLARATORY AND
INJUNCTIVE RELIEF**

20 | CITY OF LOS ANGELES; MIKE FEUER, City Attorney of the City of Los Angeles, in his official capacity; CHARLIE BECK, Chief of the Los Angeles Police Department, in his official capacity; DOES 1 through 10, in their official and individual capacities,

Defendants.

---

[1] On December 14, 2016, the parties filed a joint stipulation dismissing individual defendants Feuer and Beck. (Dckt.35.)

---

ANSWER TO COMPLAINT

Defendant City of Los Angeles ("Defendant" or "City"), in answering the Complaint by Plaintiffs Youth Justice Coalition, and Peter Arellano and Jose Reza, for themselves and on behalf of a class of similarly-situated individuals (collectively "Plaintiffs"), responds as follows:

## ADMISSIONS AND DENIALS

1.  In response to paragraphs 1 and 2, regarding jurisdiction and venue, these paragraphs contain legal conclusions, not allegations of fact, and therefore no response is required.

2.  In response to paragraph 3, the City admits that under certain circumstances, it serves individuals with judgments granting permanent injunctions entered by the court.  The City denies all remaining allegations in that paragraph.

3.  In response to paragraph 4, the City admits that the process by which the City obtains gang injunctions includes police and prosecutors working together, bringing state court actions against alleged gangs on the basis that their activities constitute a public nuisance, seeking injunctions from the court to abate the nuisance, and that the judgments granting permanent injunctions entered by the court, generally speaking, prohibit both illegal activities as well as other conduct that the court finds to be a nuisance and/or a precursor to nuisance activity.  The City also admits that the court has historically entered judgments granting permanent injunctions based on evidence before the court that support the entry of judgment by default.  The City denies all remaining allegations in that paragraph.

4.  In response to paragraphs 5, 6, and 7, these paragraphs contain legal conclusions and/or Plaintiffs' characterization of the suit, to which no response is required.  To the extent any response may be required, the City denies all allegations in these paragraphs.

5.  In response to paragraph 8, the City admits that gang injunctions are, generally speaking, court orders obtained through civil public nuisance abatement actions that seek to enjoin the nuisance activities, as well as precursor activities to

ANSWER TO COMPLAINT

those nuisance activities, of a particular gang or gangs in a particular defined geographical area referred to as the "Safety Zone." The City denies all other allegations in that paragraph. In addition, to the extent that Plaintiffs purport to describe any particular judgment granting preliminary injunction, that judgment speaks for itself.

6.  In response to paragraph 9, the City admits that its Attorney's Office was one of the pioneers of gang injunctions. The City also admits that the City has obtained at least 46 judgments granting permanent injunctions against 79 gangs, with the qualification that some of the 79 gangs include the same gang enjoined in a different geographical location. The City denies all other allegations in that paragraph.

7.  In response to paragraph 10, the City admits that each of the 46 gang injunction actions named as a defendant one or more gangs as unincorporated associations and that most also alleged individual DOE defendants. The City also admits that the court has historically entered judgments granting permanent injunctions based on evidence before the court that support the entry of judgment by default. The City denies all other allegations in that paragraph.

8.  In response to paragraph 11, the City admits that after the court enters a judgment granting permanent injunction against a gang, the City personally serves, and thus provides notice of the judgment to, individuals who are active members of the enjoined gang. The remaining allegations in that paragraph contain legal conclusions and/or Plaintiffs' characterization of the suit, to which no response is required. To the extent any response may be required, the City denies all allegations in these paragraphs.

9.  In response to paragraph 12, the City admits that it has served approximately 9,400 individuals with judgments granting permanent injunctions and that, as is common gang injunction practice and permitted by law, the majority of those

individuals were not named as individual defendants in the underling suit.  The City denies all other allegations in that paragraph.

10.  In response to paragraphs 13-19, the allegations in those paragraphs contain legal conclusions and/or Plaintiffs' characterizations of the suit, to which no response is required.  To the extent any response may be required, the City denies all allegations in those paragraphs except that the City admits that judgments grating permanent injunctions, by their legal nature, are executory and continuing as to the purpose for which they were entered.  In addition, to the extent that Plaintiffs purport to describe any document, such as any particular judgment granting preliminary injunction and/or Defendant's Gang Injunction Program Guidelines, those documents speak for themselves.

11. In response to paragraph 20, the City admits that beginning in 2007, the City Attorney's Office established an administrative Removal Petition process, which individuals served with judgments granting permanent injunctions may use to challenge enforcement of a gang injunction against them.  The City denies all other allegations in that paragraph.

12. In response to paragraph 21, the allegations in that paragraph contain legal conclusions and/or Plaintiffs' characterizations of the suit, to which no response is required.  To the extent any response may be required, the City denies all allegations in that paragraph.

13. In response to paragraph 22, the City admits that its position is that the ruling in *Vasquez v. Rackauckas*, 734 F.3d 1025 (9th Cir. 2013), is not applicable to the City's processes and procedures in part because that holding is limited to the unique facts of that case, which are not present here.  The City denies all other allegations in that paragraph.

14.  In response to paragraphs 23 and 24, the City admits that the *Rodriguez* class action was brought in 2011 and challenged 26 judgments granting permanent injunctions obtained by the City and served on certain individuals.  The City also

admits that the Court granted preliminary approval of a settlement agreement in
Rodriguez in July 2016 and that a Fairness Hearing occurred on December 2, 2016.
The City denies all other allegations in that paragraph.  Additionally, to the extent
that Plaintiffs purport to describe the contents of certain court documents in
*Rodriguez*, those documents speak for themselves.

15. In response to paragraph 25, the City lacks knowledge or information
sufficient to form a belief as to the truth of the allegations contained in that
paragraph, and on that basis denies all allegations therein.

16.  In response to paragraph 26, the City admits that on or about June 2015,
Plaintiff Peter Arellano was personally served with a judgment granting permanent
injunction in *People v. Big Top Locos*, *et al.*, LASC Case No. BC511444
(Sept. 24, 2013) and that he remains subject to that judgment.  The City also
admits that the two individuals that were with Arellano on the date he was served
were arrested, one for vandalism and the other for weapons possession.  The City
lacks knowledge or information sufficient to form a belief as to the truth of the
other allegations contained in that paragraph, and on that basis denies all other
allegations therein.

17.  In response to paragraph 27, the City admits that Arellano was not named
as a defendant in *People v. Big Top Locos*, *et al.*, LASC Case No. BC511444
(Sept. 24, 2013), consistent with common gang injunction practice and the law,
and that the action was filed by the City Attorney's Office on June 11, 2013.  The
City also admits that Arellano was one of the individuals who attempted to
belatedly intervene in that action and that the City opposed those attempts to
intervene after giving Arellano and others numerous extensions and opportunities
to timely and properly intervene.  The City also admits that the court denied the
motions to intervene, on procedural and substantive grounds, including that
*Vasquez v. Rackauckas*, 734 F.3d 1025 (9th Cir. 2013) case is inapplicable and that
due process does not require the City to provide a hearing before service of the

judgment granting permanent injunction. The City denies all other allegations in that paragraph.

18.  In response to paragraph 28, the City denies all allegations in that paragraph.

19.  In response to paragraph 29, the City admits that Arellano resides in the Safety Zone set forth in *People v. Big Top Locos*, *et al.*, LASC Case No. BC511444 (Sept. 24, 2013).  The City lacks knowledge or information sufficient to form a belief as to the truth of the other allegations contained in that paragraph, and on that basis denies those allegations.

20.  In response to paragraph 30, the City admits that Arellano's father, Charles Gabriel Arellano, was served with the judgment granting permanent injunction in *People v. Big Top Locos*, *et al.*, LASC Case No. BC511444 (Sept. 24, 2013) and believe that he is custody pending trial on attempted murder, Case No. XCN/BA446131/01.  The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph, and on that basis denies those allegations.

21.  In response to paragraph 31, the City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph, and on that basis denies those allegations.

22.  In response to paragraph 32, the City admits that in or about October 2006, Defendant Jose Reza was personally served with the judgment granting permanent injunction in *People of the State of California v. Big Hazard*, LASC Case No. BC 335749 (September 9, 2005).  The City denies all other allegations in that paragraph.

23.  In response to paragraph 33, the City admits that, consistent with common gang injunction practice and the law, Reza was not named as an individual defendant in *People of the State of California v. Big Hazard*, LASC Case No. BC

335749 (September 9, 2005).  The City denies all other allegations in that paragraph.

24.  In response to paragraphs 34-41, the City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph, and on that basis denies those allegations.

25.  In response to paragraphs 42-44, the City admits that it is a public entity organized and existing under the laws of the State of California.  The remaining allegations relate to defendants Feuer and Beck, who have been dismissed from this action.

26.  In response to paragraph 45, regarding DOE allegations, the City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph, and on that basis denies those allegations.

27.  In response to paragraphs 46-58, and paragraphs 59-62 (which appear to be mislabeled as paragraphs 1-4 on pp. 21-22 of the Complaint), and the Prayer for Relief, the allegations in those paragraphs contain legal conclusions and/or Plaintiffs' characterizations of the suit, to which no response is required.  To the extent any response may be required, the City denies all allegations in those paragraphs.

## <u>AFFIRMATIVE DEFENSES</u>

Without admitting any of the allegations in the Complaint, the City alleges each of the following as separate affirmative defenses, expressly reserving its right to allege additional defenses, and/or to seek leave of Court to amend to allege additional defenses, when and if facts supporting such defenses become known to the City.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

1

2

## SECOND AFFIRMATIVE DEFENSE

### (Standing)

Plaintiffs lacks standing to bring these causes of action and/or obtain the requested relief sought in the Complaint, either on behalf of themselves and/or on behalf of the putative class,

## THIRD AFFIRMATIVE DEFENSE

### (Laches)

The action is barred in whole or in part by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure To Satisfy Class Action Requirements)

The purported class cannot be certified because of a failure to meet the requirements under Fed. R. Civ. Proc. 23 of, inter alia, numerosity, ascertainability, typicality, commonality, and/or adequacy, and a lack of a community of interest among the putative class.

## FIFTH AFFIRMATIVE DEFENSE

### (Res Judicata/Collateral Estoppel)

The action is barred in whole or in part by the doctrine of res judicata and/or collateral estoppel.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The Complaint, and each purported cause of action alleged in the Complaint, is barred to the extent that it relies on events that occurred before the period captured by the running of the applicable statute of limitations.

ANSWER TO COMPLAINT

## SEVENTH AFFIRMATIVE DEFENSE
### (No Right to Attorneys' Fees)

Plaintiffs are not entitled to recover attorneys' fees from the City as alleged in the Complaint. In the alternative, to the extent that Plaintiffs are entitled to recover attorneys' fees or costs, such fees and costs are barred on the ground and to the extent that they were not reasonably incurred or incurred at an excessive rate.

## EIGHTH AFFIRMATIVE DEFENSE
### (Immunity)

The City is immune from liability to Plaintiffs' claims in this action to the full extent mandated by Section 815 et seq, including sections 815.2 and 815.6 of the California Government Code.

## NINTH AFFIRMATIVE DEFENSE
### (Mootness)

Plaintiff's prayer for injunctive relief is moot and/or will be by the time this matter is adjudicated.

## TENTH AFFIRMATIVE DEFENSE
### (Ripeness)

Some or all of the allegations in the Complaint are not ripe for adjudication.

**PRAYER FOR RELIEF**

WHEREFORE, the City prays as follows:

1. That the Complaint be dismissed;

2. That Plaintiffs take nothing by reason of the Complaint, that judgment be rendered in favor of Defendant;

3. That Defendant be awarded its reasonable attorneys' fees and costs of suit incurred in defense of this action; and

4. For such other relief as the Court deems proper.


DATED:  December 16, 2016

                Respectfully submitted,

                MICHAEL N. FEUER, City Attorney
                THOMAS H. PETERS, Chief Assistant City Attorney

                By: _____//S//_____
                A. PATRICIA URSEA, Deputy City Attorney
                Attorneys for Defendant, CITY OF LOS ANGELES

ANSWER TO COMPLAINT