**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Youth Justice Coalitions, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>City of Los Angeles, et al.,<br><br>Defendants. | 2:16-cv-07932-VAP-RAOx<br><br>**Order GRANTING Motion for Preliminary Approval of Class Settlement**<br>**(Dkt. 23).** |

On October 15, 2020, Plaintiffs Youth Justice Coalition, Peter Arellano, and Jose Reza, for themselves and on behalf of all class members filed a Motion for Preliminary Approval of Class Settlement ("Motion"). (Dkt. 23). The Motion is unopposed. Considering all papers filed in connection to the Motion, the Court GRANTS the Motion.

## I. BACKGROUND

Plaintiffs here challenge "Gang Injunctions" issued by the City of Los Angeles ("City") prohibiting suspected gang members from participating in various activities. The individually named Plaintiffs bring this action on behalf of themselves and a certified class of all persons, past and future, notified by the City that they are subject to a Gang Injunction (collectively, "Plaintiffs"). Plaintiffs allege that the enforcement of Gang Injunctions violates the procedural due process protections of the United States Constitution and California Constitution. After over four years of litigation,

the parties have reached an agreement (the "Settlement Agreement") and wish to settle the matter.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." "[S]trong judicial policy . . . favors settlements, particularly where complex class action litigation is concerned." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). "The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008). The Court's review of the settlement is meant to be "extremely limited" and should consider the settlement as a whole. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

The approval of a settlement is a multi-step process. The parties must seek preliminary approval of the settlement class and settlement, after which the Court will direct notice to class members and hold a "fairness hearing" to determine if final approval of the settlement is warranted. At the preliminary approval stage, the court should grant such approval only if it is justified by the parties' showing that the court will likely be able to (1) "certify the class for purposes of judgment on the proposal" and (2) "approve the proposal under Rule 23(e)(2)." Fed. R. Civ P. 23(e)(B). As to the first element, where the Court has already approved the class, "the only information ordinarily necessary is whether the proposed settlement calls for

any change in the class certified, or of the claims, defenses, or issues regarding which certification was granted." Fed. R. Civ. P. 23 Advisory Committee's Note to 2018 Amendment.

As the Court also must determine whether it will "likely be able to" grant final approval of the proposed settlement, the Court will consider the Rule 23(e)(2) factors relevant to such final approval, namely whether "(A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate; and (D) the proposal treats class members equitably relative to each other."[1]  Fed. R. Civ. P. 23(e)(2).

### III. DISCUSSION

**A. Preliminary Certification of the Settlement Class**

A court may preliminarily certify a settlement class if all of the prerequisites of Federal Rule of Civil Procedure 23(a) have been met, and at least one of the requirements for Rule 23(b) have also been met. *See*

---

[1] Courts in this Circuit have applied multi-factor tests to determine if preliminary and final approval are proper. *See, e.g., In re Tableware Antitrust Litig.,* 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007). Although Rule 23 does not purport to displace those tests, the Advisory Committee cautions that "[t]he sheer number of factors can distract both the court and the parties from the central concerns that bear on review under Rule 23(e)(2)." Fed. R. Civ. P. 23 Advisory Committee's Note to 2018 Amendment. The Court will therefore consider the core factors provided by the Rule.

Additionally, the advisory committee notes that relevant information at the preliminary approval stage may include the "extent and type of benefits that the settlement will confer;" the likely range of litigated outcomes and the risks of litigation, and the proposed handling of an award of attorney's fees. The Court will consider this information. *Id.*

Fed. R. Civ. P. 23.  Here, the Court already certified a class in this matter under Rule 23(b)(2).  (Dkt. 114).  Thus, "the only information ordinarily necessary is whether the proposed settlement calls for any change in the class certified, or of the claims, defenses, or issues regarding which certification was granted."  Fed. R. Civ. P. 23.

Plaintiffs contend the class previously certified is "nearly identical" to the proposed "Settlement Class."  The previously certified class was defined as follows:

> "All persons, past and future, whom an authorized agent of the City of Los Angeles has notified, whether by personal service or otherwise, that they are subject to a Los Angeles Gang Injunction and who (a) were not named as individual civil defendants, or who were not substituted in as Doe defendants, in the civil nuisance abatement action to obtain that injunction, and (b) who do not have contempt proceedings for violation of such an injunction currently pending against them."

(Dkt. 112 at 3.).  The Settlement Class differs from the previously certified class in that it does not exclude persons "who do not have contempt proceedings for violation of such an injunction currently pending against them."  (Dkt. 145-1 Ex. 1 ("Agmt.") ¶ 13).

The Court determines that this change does not alter the reasoning underlying its earlier decision to grant class certification pursuant to Rule 23(b)(2).[2] *Allen v. Similasan Corp.*, No. 12-CV-00376-BAS-JLBx, 2017 WL 1346404, at *3 (S.D. Cal. Apr. 12, 2017) (approving expansion of settlement class where the expansion did not change the court's previous class certification analysis). As Plaintiffs explain, the changes to the class merely seek to clarify "that a past or pending contempt proceeding for violating an injunction's terms does not preclude any individual from the procedural protections provided under the Settlement Agreement." (Dkt. 23 ("Mot.") at 9).

The addition of persons who face or have faced contempt proceedings is a natural extension of the previously certified class. First, the new class members, who all were notified by the City that they were subject to a Gang Injunction, would face the same core factual and legal issues as the previously certified class: they did not receive constitutionally adequate due process before being subjected to a Gang Injunction. Similarly, that new class members may have pending or previous contempt proceedings for violating a Gang Injunction, does not alter the Court's determination that the representative Plaintiffs' claims and defenses are typical of those of the class or that the representative Plaintiffs are able to fairly and adequately protect the interests of the class. Finally, the proposed

---

[2] A class may be certified if the class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the class; the claims or defenses of the representative parties are typical of the claims or defenses of the class; the representative parties will fairly and adequately protect the interests of the class. Fed R. Civ. P. 23(b)(2).

Settlement Class would only make the class more numerous and joinder of all members more impracticable. Put simply, that the proposed members have suffered additional consequences of the Gang Injunctions, namely contempt proceedings, does not differentiate them from current class members in any manner significant to the current determination. The members of the Settlement Class have all been deprived of due process by the City in connection with its enforcement of Gang Injunctions. Accordingly, the Court grants preliminary approval of the Settlement Class.

**B. Likelihood of Approval**

The Court next addresses the four factors set out by Rule 23 in turn to determine if it will "likely be able to" grant final approval of the Settlement Agreement. Fed. R. Civ. P. 23(e)(2).

1. Adequate Representation

As the Court has previously observed in granting class certification, "Plaintiffs' counsel's declarations demonstrate their knowledge of the facts and legal issues in this case as well as their experience in conducting similar civil rights litigation and complex class action litigation generally." (Dkt. 114 at 13). Plaintiffs' Counsel have brought several successful motions in this matter and have obtained full relief for the Class, as further discussed below. Counsel concedes that they conducted minimal discovery, (Mot. at 15), a fact considered negatively by some courts. *See e.g.*, *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1122 (9th Cir. 2020) (considering the extent of discovery completed). The Court finds this factor less important here, where Plaintiffs' Counsel represents that they

conducted extensive factual research, including reviewing materials in related gang injunction litigation and interviewing persons subject to the Gang Injunctions (Dkt. 145-1 ("Decl.") ¶ 3). *Cf. Carr v. Tadin, Inc.*, 51 F. Supp. 3d 970, 976 (C.D. Cal. 2014) (finding that plaintiffs had "significant information going into the settlement negotiations" where no formal discovery was exchanged, but plaintiffs engaged in substantial informal discovery).

The class is represented by Peter Arellano and Jose Reza. According to class counsel, the class representatives "fulfilled their obligations by advising Plaintiffs' counsel during the course of settlement negotiations," thus assisting in reaching a settlement. (Mot. at 15).

2. <u>Negotiation of the Proposed Settlement</u>

The parties have engaged in settlement negotiations for almost two years. (Decl. ¶ 6). Plaintiffs' Counsel represents that several of the City's proposals were rejected during that time because they did not accord full civil proceedings in connection with a Gang Injunction. (*Id.*). The sustained back and forth negotiations between the party indicate that the Settlement Agreement was the result of a process that was "fair and full of adversarial vigor." *City of Colton v. American Promotional Events, Inc.*, 281 F. Supp. 3d 1009, 1012 (C.D. Cal. 2017) (quoting *U.S. v. Chevron U.S.A.., Inc.*, 380 F. Supp. 2d 1104, 1111 (N.D. Cal. 2005). Moreover, the guidance of a Ninth Circuit mediator and the involvement of a variety of groups, including class members, the Youth Justice Coalition, and the Los Angeles City Council, in the negotiation and approval of the Settlement Agreement lessens the risk

of collusion (Decl. ¶ 6).  *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011) (holding that participation of a mediator is not dispositive but is "a factor in favor of a finding of non-collusiveness"). The Court is therefore satisfied with the nature and extent of the settlement negotiations.

### 3. Adequate Relief

The Settlement Agreement provides relief to the Settlement Class, as defined *supra*, in relation to the 46 Gang Injunctions currently in effect and any future Gang Injunctions.  Going forward, the Settlement Agreement provides a fixed process for enforcing gang injunctions against individuals. The City will name as a defendant any person against whom it seeks to enforce the Gang Injunction. (Agmt. ¶ 22).  The City may specify in the proposed Gang Injunction a procedure by which the City can petition the court to add additional parties.  (*Id.* ¶ 23).  This procedure, regardless of ultimate form, requires service of the complaint and related documents on the new parties and shall seek to provide the due process rights available under any applicable California rules and laws, to any additional parties. (*Id.* ¶¶ 23–24).  It will be subject to approval by the state court.  (*Id.* ¶ 23).

As to persons subject to the existing Gang Injunctions, the Settlement Agreement prohibits the City from enforcing those injunctions against a person  unless he or she received procedural rights before enforcement, *i.e.*, was joined as a defendant or through other means in the underlying civil injunction proceeding.  (*Id.* ¶ 21).  If the City seeks to enforce an existing Gang Injunction against a person who did not receive his or her due process

rights, the City will serve that person with a motion to modify the injunction, or functionally similar document, subject to California court rules. (*Id.* ¶¶ 25–26). Gang Injunctions will be enforced for a period not exceeding five years. (*Id.* ¶ 37).

For a period of three years commencing on the effective date of the Settlement Agreement, the City will provide persons against whom it seeks to enforce a Gang Injunction with the contact information for Plaintiffs' counsel and other legal resources. (*Id.* ¶ 27). Plaintiffs' counsel will receive the names and contact information of these persons to assist in the provisions of legal resources to them. (*Id.;* Mot. at 11). The Settlement Agreement also preserves for the Settlement Class individual claims and forms of relief distinct from the specific due process claims and injunctive relief sought in this litigation. (*Id.* ¶ 41.)

This extensive relief provided by the Settlement Agreement supports approval of its terms.[3] Most importantly, the Agreement provides relief that exceeds the prohibitory injunction requested in Plaintiffs' Complaint. (*See* Dkt. 2). Risking trial would provide no additional benefits and could result in the lesser relief of the prohibitory injunction requested in the Complaint. The parties' success in establishing a mandatory process going forward also reduces the likelihood of frequent and piecemeal litigation of the City's

---

[3] Final approval of a class settlement requires the Court to determine the adequacy of relief by considering the costs, risks, and delay of trial and appeal; the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; the terms of any proposed award of attorney's fees, including timing of payment. Fed. R. Civ. P. 23(e).

process for obtaining Gang Injunctions. Additionally, placing the onus on the City to cease current enforcement and provide notice and procedural rights to affected persons going forward—as opposed to requiring class members affirmatively to seek relief from the City—ensures consistent distribution of relief to each class member.

The adequacy of relief analysis also requires consideration of the terms of any proposed award of attorneys' fees. Fed. R. Civ. P. 23(e). Here, the City has agreed to pay $1,750,000 in attorneys' fees and costs. (Agmt. ¶ 45.)

"While attorneys' fees and costs may be awarded in a certified class action where so authorized by law or the parties' agreement, Fed.R.Civ.P. 23(h), courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth*, 654 F.3d at 941. The "lodestar" method is typically used where the benefit received by the class is primarily injunctive in nature, and therefore, monetary benefit is not easily calculated. *Id.* The lodestar approach calculates attorney fees by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The court may adjust the lodestar figure upward or downward by an appropriate positive or negative multiplier based on "reasonableness" factors, such as the quality of representation and the benefits obtained for the class. *In re Bluetooth*, 654 F.3d at 941–42.

Plaintiffs' Counsel represents that their "initial lodestar, based only on work on the case through November 2018, came to $2,396,030 in fees and $8,112 in costs, reflecting a reduction of more than 25% based on billing discretion and negotiations." (Decl. ¶ 7.). As the amount agreed upon by the parties is below the amount available pursuant to the lodestar calculation, it is presumptively reasonable. Plaintiffs' Counsel are qualified attorneys with class action and civil litigation experience, (*see id.* at Exs. 2–4), and have provided quality representation to the Class resulting in a beneficial Settlement Agreement. The Court will conduct a thorough review of the fees before final approval.

4. Equal Treatment of Class Members

As discussed, *supra*, the Settlement Agreement's terms provide relief to all current Class Members as well as any future members. It provides the same relief to all—relief from existing Gang Injunctions that were enforced without affording due process rights and entitlement to such rights before the enforcement of any future Gang Injunction.

**C. Sufficiency of Notice to Class Members**

When a class is certified under Federal Rule of Civil Procedure 23(b)(2), the Court must direct notice to the class "in a reasonable manner." Fed. R. Civ. P. 23(e)(1)(B). "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 962 (9th Cir. 2009) (quoting *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)). The court should

exercise its discretion to select appropriate means of giving notice. Fed. R. Civ. P. 23 Advisory Committee's Note to 2018 amendment.

Plaintiffs' proposed notice contains relevant and comprehensible information regarding the nature of the settlement and the process for objecting to the proposed Settlement Agreement. (Agmt. at Ex. A). Plaintiffs represent that providing notice in this matter by traditional means, such as first-class mail, would not be effective. (Mot. at 21). The Settlement Class is comprised of primarily African American and Latino men between the ages of 18 and 40. (Decl. at Ex. 5). As many of these class members are transient, Plaintiffs assert that reaching them by traditional methods, such as first-class mail, is ineffective. (Decl. ¶ 9). Plaintiffs cite previous attempts at mass mailings in this matter which failed to effect delivery of 20-30% of the mailings. (*Id.*).

Plaintiffs instead suggest a multi-media approach focusing on social media, geographically targeted messages, and direct outreach. (*Id.*). This plan would be executed in part by a marketing and communications firm, DJ-LA, and includes, *inter alia*, a four-week social media advertising campaign targeted at the Facebook and Instagram feeds of persons within the various injunction zones; 20 large-scale billboards placed in high traffic areas in the injunction zones; and direct outreach to gang intervention workers through Plaintiff Youth Justice Coalition. (Decl. at Ex. 5). Additionally, the ACLU Foundation of Southern California, the Connie Rice Institute for Urban Peace, and the Youth Justice Coalition will post the full-text Notice on their websites, and the Youth Justice Coalition will additionally

post the Notice on its social media feeds and email it to its distribution list of over 10,000 persons.  (Agmt. ¶ 49; Mot. at 12).

The Court concludes that Plaintiffs' plan is calculated to give the best notice possible to the class.  As recognized by the Advisory Committee notes to Rule 23, traditional methods may not always be the most effective means of notice.  This is relevant here as the current mailing addresses of the Settlement Class cannot all be ascertained and, when they are, frequently change.  While a purely electronic form of notice might pose a problem, given that many persons lack internet access, the proposed multi-prong approach does not rely solely on that method of notice.  Additionally, the focus on geographic targeting reassures the Court that notice will reach those most likely to be affected and provide them the opportunity to object to the proposed Settlement Agreement.  *See* Fed. R. Civ. P. 23 Advisory Committee's Note to 2018 Amendment (where a proposed settlement is involved, [t]he ultimate goal of giving notice is to enable class members to make informed decisions about whether . . . to object or to make claims").

## IV.   CONCLUSION

The Court therefore GRANTS the Motion, preliminary certification of the Settlement Class, and preliminary approval of the Settlement Agreement.

The class for settlement purposes is defined as: All persons, past and future, who an authorized agent of City has notified, whether by personal service or otherwise, that they are subject to a Gang Injunction and who were not named as individual civil defendants, or who were not substituted

in as Doe defendants, in the civil nuisance abatement action to obtain that injunction.

The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action attached to the Settlement Agreement as Exhibit A. The Youth Justice Coalition, ACLU Foundation of Southern California, the Connie Rice Institute for Urban Peace, and DJ-LA shall provide notice to the Settlement Class as described in the Settlement Agreement.

Plaintiffs will file a declaration attesting to their provision of notice as described in the Settlement Agreement on or before April 12, 2021. Settlement class members shall have until April 12, 2021 to respond to and/or oppose the settlement. Plaintiffs will file a supplemental declaration stating the number of valid timely objections on or before April 19, 2021.

A Final Approval and Fairness Hearing is hereby set for 2:00 p.m. on May 31, 2021. The parties shall file final approval papers, including replies in support of final approval, on or before May 10, 2021.

**IT IS SO ORDERED.**

Dated: 11/17/20

Virginia A. Phillips
United States District Judge