PETER BIBRING (SBN 223981)
pbibring@aclusocal.org
MELANIE P. OCHOA (SBN 284342)
mpochoa@aclusocal.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, California 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5299

*Counsel for Plaintiffs*
(Additional Counsel for Plaintiffs on Following Page)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| YOUTH JUSTICE COALITION, a non-profit organization; et al.,<br><br>*Plaintiffs*,<br><br>vs.<br><br>CITY OF LOS ANGELES; et al.,<br><br>*Defendants*. | Case No.: 2:16-cv-07932-VAP-RAO<br><br>**DECLARATION OF JOSHUA GREEN IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS**<br><br>**CLASS ACTION**<br><br>Honorable Virginia A. Philips<br>Hearing Date: June 7, 2021<br>Hearing Time: 2 p.m. |

JACOB S. KREILKAMP (SBN 248210)
jacob.kreilkamp@mto.com
LAURA D. SMOLOWE (SBN 263012)
laura.smolowe@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, California 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

JOSHUA GREEN (SBN 293749)
jgreen@urbanpeaceinstitute.org
THE CONNIE RICE INSTITUTE FOR URBAN PEACE
1910 West Sunset Boulevard
Suite 800
Los Angeles, California 90026
Telephone: (213) 404-0124
Facsimile: (213) 402-2843

# DECLARATION OF JOSHUA GREEN

I, JOSHUA GREEN, declare as follows:

1. I am an attorney licensed to practice before the courts of the State of California, and I am one of the attorneys for Plaintiffs Youth Justice Coalition, Peter Arellano, and José Reza. I work for the Connie Rice Institute for Urban Peace ("UPI"). I am also admitted to practice before United States District Court for the Central District of California. I make this declaration in support of Plaintiffs' motion for class certification based on my own personal knowledge and if called to testify could and would do so competently.

2. Throughout the course of this case, UPI has served as counsel for the Plaintiffs. I am the UPI attorney primarily responsible for and involved in this litigation.

3. UPI is committed to supporting violence-impacted communities to implement policy, systems and practice solutions to reduce violence, achieve safety and improve community health. UPI has extensive expertise in gang policing practices and has worked to train law enforcement officers and community violence intervention workers, develop localized violence intervention strategies, and support individuals and communities impacted by gang injunctions and gang databases through direct representation and policy advocacy.

4. I graduated from Harvard Law School in 2013 where I was the co-Editor-in-Chief of the Harvard Journal on Racial and Ethnic Justice.

5. Following law school, I received an Equal Justice Works Fellowship to work at the Advancement Project California focusing on gang injunctions. This work included community outreach and education on gang injunctions, as well as the representation of individuals in the Los Angeles City Attorney's Petition for Removal from Gang Injunction Enforcement process.

6. I have worked at UPI since 2016, first as the Criminal Justice Coordinator, then as the Criminal Justice Program Manager and now as the Criminal Justice Program Director. In this capacity I manage and supervise all of UPI's criminal justice work. In addition to litigation, I work on legislation related to gang profiling and gang databases and have presented at multiple conferences on issues related to gang injunctions and gang databases.

7. In my role as Criminal Justice Program Director, I also supervised former UPI attorney Sean Garcia-Leys in his work on this litigation. My billing rate in 2021 is $510 per hour.

8. Sean Garcia-Leys graduated from University of California, Irvine School of Law in 2016. Upon graduation, Mr. Garcia-Leys came to UPI as a staff attorney and was promoted to senior staff attorney in 2019. He is admitted to the California bar and is admitted to practice before the United States District Court for the Central District of California.

9. Before law school, Mr. Garcia-Leys worked for nine years as public high school teacher in Los Angeles' inner-city communities of Watts and East Los Angeles. Following that he worked for one year as a teacher at a charter school managed by Plaintiff in this case, Youth Justice Coalition. In both the public schools and at Youth Justice Coalition, Mr. Garcia-Leys worked closely with gang involved youth and with adult gang intervention workers, some of whom were subject to gang injunctions.

10. During his time at UPI, in addition to his work on the present case, Mr. Garcia-Leys has also represented individuals in numerous gang injunction cases including: *People v. Fullerton Tokers Town*, No. 30-2011-00449392 (O.C. Super. Ct.), *People v. La Jolla Criminal Street Gang*, No. 30-2015-00810734 (O.C. Super. Ct.); *People v. Plas Criminal Street Gang*, No. No. 30-2015-00810781

(O.C. Super. Ct.); *People v. Fullerton Tokers Town Criminal Street Gang*, No. 30-2011-00449392 (O.C. Supr. Ct.); *People v. Varrio Viejo Criminal Street Gang*, No. 07CC19689 (O.C. Supr. Ct.); and *People v. Longos, Surenos*, No. NC 056071 (L.A. Supr. Ct.). In these cases, Mr. Garcia-Leys argued for the right to pre-deprivation active participation hearings, which is a central issue to the claims asserted in this action. Mr. Garcia-Leys has also represented clients subject to existing gang injunctions in seeking an end to enforcement of the injunction against them as individuals on the grounds they are not members of the enjoined gang.

11. Mr. Garcia-Leys has been a part of UPI's work identifying and investigating the claims of this action. He has sixteen years working with individuals subject to gang injunctions in various capacities, including living for one year with an individual subject to a gang injunction. From these experiences, Mr. Garcia-Leys is particularly knowledgeable about the procedures and effects of gang injunctions, including their service on alleged members, their enforcement by police, how alleged gang members have had to adapt to injunctions to avoid arrest, and the difficulties of seeking an end to enforcement. Mr. Garcia-Leys billing rate in 2021 is $450 per hour.

12. UPI does not charge clients for services it provides but may seek fees after prevailing in litigation. The rates set by UPI for its attorneys are comparable to those charged by other organizations engaged in civil rights litigation, such as the American Civil Liberties Union Foundation of Southern California ("ACLU SoCal"), including rates that have been awarded by courts. In *Arroyo v. United States*, No. 19-cv-00815-JGB-SHK, a court in this district awarded rates to ACLU SoCal attorneys in a civil rights case concerning immigration detention in 2019. In particular, the court awarded Eva Bitran, a 2014 graduate, $480 per hour. My 2021

rate of $510 is $30 more than Ms. Bitran's 2019 rate, accounting for my additional year of experience and reflecting modest annual adjustments. In *McKibben v. McMahon*, 2019 WL 1109683, Case No. EDCV 14-2171 JGB (Spx) (C.D. Cal. 2019), the court awarded fees to ACLU SoCal attorneys in a civil right case concerning discriminatory practices in jails. Based on 2018 rates, the court awarded Brendan Hamme, a graduate with six years of experience, $480 per hour. Mr. Garcia-Leys, an attorney with five years of experience, has a 2021 billing rate of $450 per hour. Mr. Garcia-Leys' rate is $30 less than Mr. Hamme's, accounting for Mr. Hamme's additional year of experience but also reflecting modest annual adjustments.[1]

13. All timekeepers for UPI maintain contemporaneous time records for all litigation work performed, and this practice was followed in this case.

14. In all, I believe the above rates and fees are fair, reasonable, and appropriate.

Executed on March 15, 2021 in Los Angeles, California.

By: *s/ Joshua Green*
Joshua Green

*Counsel for Plaintiffs*

[1] The orders granting attorneys fees in *Arroyo* and *McKibben* are attached to Peter Bibring's Declarations as Exhibits E and G.